UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DARREL LATTIMORE,**

    **Plaintiff,**

v.

                                  **CASE NO: 8:24-cv-255-MSS-AEP**

**FLOOR AND DECOR OF AMERICA,**

    **Defendant.**

_____

**ORDER**

    **THIS CAUSE** comes before the Court for consideration of Defendant's Motion to Dismiss Plaintiff's Complaint for failure to prosecute (the "Motion"). (Dkt. 11) Plaintiff failed to file a timely response to the Motion. In the Motion, Defendant requests the Court dismiss this case with prejudice under Federal Rule of Civil Procedure 41(b).

    Plaintiff initiated this action in Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, on December 12, 2023. (Dkt. 1) On January 26, 2024, Defendant removed the action to this Court. (Id.) In lieu of filing an answer, Defendant filed a motion to compel arbitration on February 1, 2024. (Dkt. 7) Plaintiff did not respond to the motion to compel arbitration even after the Court *sua sponte* extended the deadline for doing so. The Court granted the motion to compel

arbitration on March 25, 2024 and stayed the case pending the outcome of arbitration. (Dkt. 10)

In the Motion, Defendant represents that Plaintiff had not initiated arbitration as of the date of the Motion, June 11, 2025, despite the passing of more than fourteen months since the Court entered the order compelling arbitration. (Dkt. 11 at ¶ 6) Defendant also notes that Plaintiff had not filed a single document in the case since he filed his Complaint in December 2023. (Id. at ¶ 7) Defendant represents that Defendant's counsel communicated with Plaintiff in March 2025 and attaches copies of their communications to the Motion. (Id. at ¶¶ 9–10; Dkts. 11-1, 11-2, 11-3) In these communications, Defendant's counsel warned Plaintiff that Defendant would seek dismissal of the action if arbitration were not initiated. (Id. at ¶ 9) Nonetheless, Defendant represents that Plaintiff never initiated arbitration. (Id. at ¶ 15)

Plaintiff has not filed a response to Defendant's Motion. An attorney, Jason William Imler, filed a notice of appearance on Plaintiffs behalf on August 14, 2025. (Dkt. 12) Mr. Imler has not filed any documents in the case since his appearance.

Defendant requests the Court dismiss this case with prejudice. Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to prosecute or to obey a court order or federal rule. However, "dismissal with prejudice is plainly improper unless and until the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1339 (11th Cir. 2005); United States Women's Challenge, Inc. v. Yamaha Motor Co., No. 94-06362, 2007 U.S. Dist.

LEXIS 29283, at *5–7 (S.D. Fla. Apr. 18, 2007) ("The Court finds that there is a clear record of delay and failure to follow this Court's Arbitration Order, and this warrants dismissal of the case [with prejudice]."). Plaintiff has not taken any action in this case since December 2023. Plaintiff failed to respond to Defendant's Motion and thus failed to dispute that he has not initiated arbitration for now more than 17 months since the Court's order compelling arbitration. Such inaction on Plaintiff's part evidences a pattern of willful delay. See id. The Court also finds that Plaintiff's "unexplained absence" from his case for nearly two years "renders futile all options available to the Court other than dismissal with prejudice." Id. at *6. The last-minute appearance of counsel on Plaintiff's behalf, absent a response to Defendant's Motion or another filing explaining the pattern of willful delay, does not persuade the Court otherwise. The Court finds a sanction lesser than dismissal with prejudice would inadequately deter Plaintiff's willful disregard for his obligations in this litigation.

Accordingly, it is hereby **ORDERED**:

1. Defendant's Motion to Dismiss for Failure to Prosecute, (Dkt. 11), is **GRANTED**.

2. This case is **DISMISSED WITH PREJUDICE**.

3. The Clerk is **DIRECTED** to terminate any pending deadlines and to **CLOSE** this case.

**DONE and ORDERED** in Tampa, Florida, this 22nd day of August 2025.

**Copies to:**   Counsel of Record
Any *pro se* party

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE